## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE BENEFIT PENSION FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE HEALTH AND WELFARE FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE APPRENTICESHIP & TRAINING FUND, INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE SUPPLEMENTAL UNEMPLOYMENT BENEFIT FUND, and INTERNATIONAL UNION OF OPERATING ENGINEERS OF EASTERN PENNSYLVANIA AND DELAWARE ANNUITY FUND 1375 Virginia Drive, Suite 245 Fort Washington, PA 19034, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 542, AFL-CIO 1375 Virginia Drive, Suite 100 Fort Washington, PA 19034, Plaintiffs, v. BRIGHTLINE CONSTRUCTION, INC. 550 State Road, Suite 100 Bensalem, PA 19020, Defendant. | CIVIL ACTION NO. 23-796 |

# C O M P L A I N T

**INTRODUCTION**

This is an action brought by employee benefit plans to collect interest and liquidated damages on delinquent benefit fund contributions, and attorneys' fees, pursuant to section 503 of the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. §1132, and by a labor union to collect unremitted dues pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to §502(a)(3)(B), (d)(1) and (f) and §4301(a)(1) and (c) of ERISA, 29 U.S.C. §§1132(a)(3)(B), (d)(1) and (f) and §1451(a)(1) and (c), respectively, and §301(a) of the LMRA, 29 U.S.C. §185(a).

2. This Court is one of proper venue under ERISA §§502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Benefit Pension Fund (hereinafter the "Pension Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Health and Welfare Fund (hereinafter the "Health Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Apprenticeship and Training Fund (hereinafter the "Apprenticeship Fund"), the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Supplemental Unemployment Benefit Fund (hereinafter the "SUB Fund"), and the International Union of Operating Engineers of Eastern Pennsylvania and Delaware Annuity Fund (hereinafter the "Annuity Fund") (hereinafter collectively the "Funds") are administered in Pennsylvania.

**PARTIES**

3. At all times relevant hereto, the Funds are "multi-employer plans" and "employee benefit plans" within the meaning of sections 3(2), (3) and (37), of ERISA, 29 U.S.C. §1002(2), (3), and (37) which are maintained for the purpose of providing health and welfare, pension, apprenticeship and training, supplemental unemployment benefits, and annuities and related benefits to eligible participants and are trust funds established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). The Funds qualify to commence this action pursuant to section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

4. At all times relevant hereto, the Funds have maintained their principal place of business at P.O. Box 1627, Fort Washington, Pennsylvania 19034.

5. The Funds bring this action on behalf of themselves and on behalf of plan participants and beneficiaries pursuant to sections 502(a)(3)(B)(ii) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3)(B)(ii) and 1451(a)(1), respectively.

6. At all times relevant hereto Plaintiff International Union of Operating Engineers Local Union 542, AFL-CIO (the "Union") is an unincorporated association commonly referred to as a labor union, and is the exclusive representative for the purposes of collective bargaining of the employees of Defendant Brightline Construction, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002 (4), (11), and (12).

7. At all times relevant hereto, the Union has maintained its principal place of business at the address listed in the caption.

8. The Union brings this action pursuant to Section 301 of the LMRA, 29 U.S.C. §185.

9. Defendant, Brightline Construction, Inc. (hereinafter "Brightline"), is an employer in an industry affecting commerce within the meaning of section 3(5), (11), and (12) of ERISA, 29 U.S.C. §§1102(5), (11), and (12) and has a business address as set forth in the caption.

10. At all times relevant hereto, Brightline was a party to a collective bargaining agreement whereby it agreed to make full and timely payments to the Funds based upon the number of hours worked by its employees and to remit union dues to the Union from the paychecks of employees who authorizes such deduction. A true and correct copy of the collective bargaining agreement is attached hereto as Exhibit A.

**COUNT ONE**
**Funds v. Brightline**
**Violation of ERISA**

11. The above paragraphs are incorporated herein by reference as though duly set forth at length.

12. The amount of contributions due to each of the Funds from Brightline is determined by the hours worked and wages paid to employees covered by the collective bargaining agreement during a calendar month. (Exhibit A, Article V, pp. 29-32)

13. Pursuant to Article V, Section 7(1) of the collective bargaining agreement, the above contributions are due to the Funds on a monthly basis on the twenty-fifth (25th) day of the month following the month in which the wages which are the basis for the contribution calculation were earned. (Exhibit A, p. 31)

14. Pursuant to Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B), contributions that are not paid by the last day on which they are due accrue interest, calculated at a rate of ten percent (10%) per

annum from the first day of the month following the date such contributions are due. (Exhibit A, pp. 31-32)

15. Pursuant to Article V, Section 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii), any contribution not received by its due date is charged liquidated damages equal to ten percent (10%) of the amount of the unpaid or late-paid contribution. (Exhibit A, pp. 31-32)

16. In 2022, the Funds and Union conducted a payroll audit of Brightline for the period between January 1, 2018 and December 31, 2021, which revealed that a total of $18,361.68 in principal contributions to the Funds and a total of $1,099.74 of Union dues were under-reported during the audit period. A true and correct copy of the Audit Report is attached hereto as Exhibit B.

17. On August 31, 2022, the Funds' auditor sent a copy of the Audit Report to Brightline by both email and U.S. Mail, to the attention of its Controller, Gil Warren, and demanded payment of the amounts revealed by the audit. A true and correct copy of the August 31, 2022 email and letter are attached as Exhibit C.

18. Brightline failed and refused to respond to the Audit Report, or the August 31, 2022 letter.

19. On October 19, 2022, the Funds' auditor sent a follow-up email to Mr. Warren, requesting a response to the audit findings and demand for payment. A true and correct copy of the October 19, 2022 email is attached as Exhibit D.

20. Brightline failed and refused to respond to the October 19, 2022 email.

21. On November 2, 2022, the Funds' auditor sent a letter to Brightline again demanding payment of the amounts revealed by the audit. A true and correct copy of the November 2, 2022 letter is attached as Exhibit E.

22. Brightline failed and refused to respond to the November 2, 2022 letter.

23. On January 18, 2023, the Funds and Union, through their counsel, sent a third letter demanding payment of the delinquent amounts revealed by the audit. . A true and correct copy of the January 18, 2023 letter is attached as Exhibit F.

24. Brightline failed and refused to respond to the January 18, 2023 letter.

25. On February 8, 2023, the Funds and Union, through their counsel, sent a fourth letter demanding payment of the delinquent amounts revealed by the audit. The February 8, 2023 letter noted that it was the final warning and that the failure to respond would result in legal action. A true and correct copy of the February 8, 2023 letter is attached as Exhibit G.

26. Brightline failed and refused to respond to the February 8, 2023 letter.

27. To date, Brightline has not paid any of the delinquent amounts revealed by the audit.

28. Pursuant to Article V, Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement (Exhibit A) and 29 U.S.C. §§1132(g)(2)(B) and (C), Brightline owes interest and liquidated damages on the delinquent amounts identified by the audit.

29. Pursuant to Article V, Sections 7(5) and (11) of the collective bargaining agreement (Exhibit B) and 29 U.S.C. §1132(g)(2)(D), Brightline is also liable for the Funds' attorneys' fees and costs in this action.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against

Brightline and in favor of the Funds for the following:

    (1)    $18,361.68 in principal delinquent contributions for the period between January 1, 2018 through December 31, 2021, pursuant to the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(A);

    (2)    Interest on that principal delinquency calculated at a rate of ten percent (10%) per annum, pursuant to Sections 7(2), (3), (5), (6), (7), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. 1132(g)(2)(B);

    (3)    $1,836.17 in liquidated damages (ten percent of the principal delinquency) in liquidated damages, pursuant to Article V, Sections 7(5), (8), (9), and (11) of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C)(ii);

    (4)    Reasonable attorneys' fees and costs pursuant to Article V, Section 7(5) and (11) of the collective bargaining agreement and ERISA, 29 U.S.C. §1132(g)(2)(D); and

    (5)    Any other further relief the court finds just and proper.

## COUNT TWO
## Unremitted Dues
## Union v. Brightline

30.    The above paragraphs are incorporated herein by reference as though duly set forth at length.

31.    Pursuant to Article V, Sections 8, of the collective bargaining agreement Brightline is required to deduct union dues from the wages of employees who authorize such a deduction and to remit the deducted amounts to the Union by the fifteenth day of the month. (Exhibit A, p. 32)

32.    The payroll audit revealed that a total of $1,099.74 in union dues (referred to as "Dues checkoff") were due, but not paid, during the January 1, 2018 through December 31, 2021 audit period. (Exhibit B)

33.	Despite four separate demands for payment of those amounts, Brightline failed and refused to pay the delinquent union dues. (Exhibits C, E, F, and G)

34.	By not remitting dues deducted from the pay of employees' who authorize such a deduction the contributing employer violated the collective bargaining agreement, which is actionable under the LMRA, 29 U.S.C. §185.

WHEREFORE, Plaintiffs ask that the Court enter the following Judgment against Brightline, and in favor of the Union for the following:

(1)	$1,099.74 in unremitted dues for the January 1, 2018 through December 31, 2021 audit period;

(2)	Such additional unremitted dues that become delinquent during the pendency of this action; and

(3)	Grant any other further relief the court finds just and proper.

CLEARY, JOSEM & TRIGIANI, LLP

BY: /s/ Jeremy E. Meyer
JEREMY E. MEYER, ESQUIRE
Constitution Place
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated:   March 1, 2023